# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 10-02529 |
| | Chapter 7 |
| ERIN B.K.D. LUM and ROSS WAH JUN LUM, | |
| Debtor. | |
| | |
| JAMES B. DUNCAN and YVONNE B. DUNCAN, | Adv. Pro. No. 11-90006 |
| Plaintiffs, | |
| vs. | |
| ERIN B.K.D. LUM and ROSS WAH JUN LUM, | Re: Docket No. 31 |
| Defendants. | |

## MEMORANDUM DECISION CONCERNING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding, the plaintiffs, James and Yvonne Duncan, seek denial of the debtors' discharge pursuant to section 727 of the Bankruptcy Code for making numerous false statements under oath and concealing assets. I conclude that the debtors are not entitled to a discharge.

## FACTS

The debtors, Erin and Ross Lum, are sophisticated individuals with financial and business experience. They owned and operated Duncan Lum Mortgage Services, LLC ("DLMS"), a mortgage brokerage firm. Ms. Lum, who formerly worked as a paralegal, was employed full time at DLMS as a mortgage broker. Mr. Lum was employed as an engineer with the State of Hawaii. They earned over $200,000 per year in 2008 and 2009, and claim that they earn over $20,000 per month today.

The debtors also have experience in bankruptcy. The debtors commenced a chapter 13 bankruptcy case in 2000. That case was dismissed in 2001.

In 2008 and 2009, the debtors were under significant financial pressure. On May 22, 2009, the plaintiffs, James and Yvonne Duncan (the "Duncans"), who are Mrs. Lum's parents, sued the debtors in state court. On September 9, 2009, and May 13, 2010, the state court entered judgment against Mr. and Mrs. Lum, respectively, for approximately $113,000. The Duncans then undertook collection actions by issuing six garnishment summons. The debtors admitted to opening additional bank accounts for the purpose of evading the garnishment efforts.

The debtors hired a bankruptcy attorney (the fourth attorney with whom they consulted) and filed a chapter 7 petition on August 15, 2010.

U.S. Bankruptcy Court - Hawaii   #11-90006   Dkt # 33   Filed  03/16/12   Page 2 of 9

The debtors have admitted that they made false statements in the schedules and statements they filed with their petition. These false statements include the following:

1. Line 2 of Schedule B required the debtors to list all bank and other financial accounts. The debtors listed nine accounts, but failed to disclose seven other personal bank accounts, an eighth bank account in the name of DLMS but which they regularly used for personal purposes, a ninth bank account for The Christine L. Lum Trust, and six Ameritrade investment accounts.

2. Line 20 required the debtors to list any interests in a trust. The debtors represented that they had no interest in any trust. In fact, Mr. Lum was trustee for and a beneficiary of The Christine L. Lum Trust. At the date of bankruptcy, the trust owned real property. In addition, the debtors used $20,000 of trust money to make an investment in a real estate project in Texas. The investment is held in the debtors' names, although the debtors contend that it is property of the trust. In either event, the debtors should have disclosed the investment, either through the disclosure of Mr. Lum's interest in the trust or as a personal investment interest of the debtors (which should

3

have been listed on Line 13 or 35).

      3.     Question 2 on the Statement of Financial Affairs required the debtors to disclose all of their income, other than from employment, trade, profession, or operation of a business during the two years prior to the bankruptcy. The debtors did not disclose the money they received from the Christine L. Lum trust.

The debtors compounded their false statements at the first meeting of creditors, on September 23, 2010. They falsely affirmed that they had disclosed all of their assets, that their income and expenses were accurate, and that their statement of financial affairs was true and correct. At a continued meeting of creditors, after the undisclosed bank accounts had come to light, the debtors testified that they had provided all of the information to their attorney, and any omissions were the fault of their counsel. This was also false; the client questionnaire which the debtors provided to their attorney did not list the concealed accounts.

On September 26, 2011, a few days more than a year after they filed their petition, the debtors finally filed schedules and related documents which appear to be complete and accurate.

U.S. Bankruptcy Court - Hawaii #11-90006 Dkt # 33 Filed 03/16/12 Page 4 of 9

# STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056; <u>see</u> <u>also</u> <u>Barboza v. New Form, Inc.</u> (<u>In re Barboza</u>), 545 F.3d 702, 707 (9th Cir. 2008). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. <u>Id.</u> at 248. In making this determination, the court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in favor of the nonmoving party. <u>McSherry v. City of Long Beach</u>, 584 F.3d 1129, 1135 (9th Cir. 2009).

When the party moving for summary judgment bears the burden of proof at trial, the movant must produce evidence that would entitle the movant to a directed verdict if the evidence went uncontroverted at trial. <u>C.A.R. Transp. Brokerage Co., Inc. v. Darden</u>, 213 F.3d 474, 480 (9th Cir. 2000). Once the movant meets this burden, the respondent must go beyond the pleadings and set forth specific facts supported by admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "A motion for summary judgment may not be defeated,

5

however, by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249-50.

In a case under section 727 of the Bankruptcy Code, summary judgment is appropriate where the plaintiff presents evidence casting serious doubt about the truth of a relevant fact, and the debtor does not respond with any credible evidence. In re Aubrey, 111 B.R. 268, 274 (B.A.P. 9th Cir. 1990).

## DISCUSSION

Denial of Discharge under Section 727(a)(2)

Section 727(a)(2) authorizes the court to deny discharge where the debtor, with intent to hinder, delay or defraud creditors, transfers, removes, or conceals property of the debtor within a year before the bankruptcy filing or property of the estate after the bankruptcy filing.  11 U.S.C. § 727(a)(2).  A party seeking denial of discharge under this section must prove: "(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property."  Hughes v. Lawson (In re Lawson), 122 F.3d 1237, 1240 (9th Cir. 1997).  Fraudulent intent may be established by circumstantial evidence or by inferences drawn from a course of conduct.  In re Devers, 759 F.2d 751, 754 (9th Cir. 1985).  A court may find the requisite intent where there has been a pattern of falsity or where the

6

debtor has displayed reckless indifference to or disregard of the truth.  In re Wills, 243 B.R. 58, 64 (B.A.P. 9th Cir. 1999).

The Duncans received judgments against the debtors on September 9, 2009, and May 13, 2010.  The debtors admitted to transferring money and concealing bank accounts within one year of the bankruptcy filing for the purpose of hindering collection efforts by the Duncans.  The debtors' course of conduct in attempt to evade the garnishment summons is evidence of their fraudulent intent.

The debtors do not dispute the fact that they concealed at least nine bank accounts and other investment accounts containing property of the estate.  They claim that this was an innocent oversight on their part.  This explanation is not credible.  The debtors were using those accounts to pay their daily living expenses immediately before the bankruptcy.  They could not have simply forgotten about those accounts.  They also claim that the amount in the accounts is not material, but $2,500 is a significant share of the assets available to unsecured creditors in this case.

The debtors also do not dispute the fact that they concealed their interest in the trust.  They claim that a spendthrift provision protects Mr. Lum's beneficial interest, but this does not excuse them from disclosing the trust.  Their nondisclosure hindered the ability of the trustee and creditors to scrutinize and

7

possibly challenge the spendthrift provision. They also claim that the trust's assets are worthless, but the schedules require disclosure of all assets, valuable or not. It is for the trustee, not the debtors, to determine whether assets have value.

The Duncans are entitled to summary judgment as to 11 U.S.C. § 727(a)(2)

Denial of Discharge under Section 727(a)(4)

Section 727(a)(4) bars a debtor's discharge were the debtor knowingly and fraudulently makes a false oath or account. The creditor must prove that: (1) the debtor's oath was made knowingly and fraudulently; and (2) the false oath was related to a material fact. In re Wills, 243 B.R. at 62; In re Aubrey, 111 B.R. at 274.

As is noted above, the debtors made many false statements on their bankruptcy forms and at the meeting of creditors. They argue that the falsehoods were inadvertent and not deliberate. This contention is not remotely believable. The debtors' false statements "are numerous, obvious (from [the debtors'] perspective), and nearly all in favor of [the debtors]." In re Ballard, 2003 WL 22945926, at *3 (Bankr. D. Haw. Jul. 28, 2003). The pattern of falsity in this case clearly demonstrates fraudulent intent. In re Coombs, 193 B.R. 557, 564 (Bankr. S.D. Cal. 1996). Further, the debtors' reckless indifference for the omissions and their failure to correct them in an appropriate time period is circumstantial evidence

U.S. Bankruptcy Court - Hawaii  #11-90006  Dkt # 33  Filed  03/16/12  Page 8 of 9

of their fraudulent intent.  <u>In re Khalil</u>, 379 B.R. 163, 173 (B.A.P. 9th Cir. 2007); <u>In re Wills</u>, 243 B.R. at 64.

The Duncans are entitled to summary judgment as to 11 U.S.C. § 727(a)(4).

**CONCLUSION**

The Duncans are entitled to summary judgment as to the claims of nondischargeability under 11 U.S.C. §§ 727(a)(2) and (4).  In the complaint, the Duncans also allege nondischargeability pursuant to 11 U.S.C. § 523(a)(2).  This is a separate legal claim, and summary judgment has not been sought on this claim. The court, therefore, will not enter a final judgment at this time.

*/s/ Robert J. Faris*
**United States Bankruptcy Judge**
Dated: **03/16/2012**

U.S. Bankruptcy Court - Hawaii  #11-90006  Dkt # 33  Filed  03/16/12  Page 9 of 9